From: Orhan Sengul

32854 Lamtarra Loop, Menifee, CA 92584

Re: Sengul v. Qualcomm technologies, Inc. **19cv2034-JLS**

FILED

Sep 07 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ darcig  DEPUTY

To United States District Court, Southern District of California,

This mail is in response to the letter I have received from Clerk of Court, John Morrill,

As court knows, due to financial difficulties, I chose to represent myself. I quickly found out, if I did not have, the financial means to afford the depositions of the witnesses, for me to look for justice in my case was a sad dream.

Regardless of, even I had great previous employment reviews, regardless of even I was the originally chosen candidate with most to offer, regardless of every person interviewed me, agreed on hiring me, due to my previous EEOC filing, I was still retaliated by my previous boss/Qualcomm and not hired for the Program Manager position. I was told hiring decision was based on my previous boss' feedback. However, no one thought about asking that boss, "if you are providing this negative feedback now, why did you give Orhan Sengul very good reviews year after year." All the years I have worked in Qualcomm, every review, I was given bonus and Company stock options/RSU's. Any commonsense people would have seen this obvious retaliation due to previous EEOC charge.

All I asked from the court was, please let "jury of my peers" hear my case. I was extremely confident, if I was given an opportunity to present my case to jury, they would see my side of the story very clearly and case would end with the judgement in my favor. Instead, court persuaded me to settle for a very little amount of money, they pretty much told me Qualcomm would bankrupt me, even though Judge understood me why I thought I had a strong case.

Needlessly to say, I am still very disappointed and hurt by the outcome of the judgment. I was held hostage by the fear of **summary judgement**, which Qualcomm was counting on. It was unfair and should be unconstitutional to prevent me to go to Jury because court indicated they may go to summary judgement. I am not sure what my options are, but as far as I am concerned, Qualcomm broke the law by retaliating, and I don't believe they were hold to an account. We, in United States decide criminal's fate with circumstantial evidence, but some reason, I was not able to get the court see my side of the story despite overwhelming evidence I provided. I would say, let "Jury of my Peers" decide or Qualcomm to agree on different settlement for the victim, in this case, "me".

Justice must be blind; Justice must be applied equally whether I have means to hire an attorney or not, my justice should not be based on whether court schedule is too heavy.

As you see from my response, I don't feel justice was served. Please communicate my views to new Judge.

Respectfully and Best Regards

Orhan Sengul

# UNITED STATES DISTRICT COURT
Southern District of California
James M. Carter and Judith N. Keep United States Courthouse
Office of the Clerk of Court
333 West Broadway, Suite 420
San Diego, California 92101-3806
(619) 557-6348

Nicole Lennon-Fisher
Chief Deputy of Administration

John Morrill
Clerk of Court
www.casd.uscourts.gov

In re: *Sengul v. Qualcomm Technologies, Inc*
19cv2034-JLS

Dear Parties,

I have been contacted by Judge Sammartino who presided over the above-mentioned case.

Judge Sammartino informed me that it has recently been brought to her attention that while she presided over the case a family member owned stock in Qualcomm, Inc. Judge Sammartino was not aware of this financial interest at the time the case was pending. The matter was brought to her attention after disposition of the case. Thus, the financial interest neither affected nor impacted her decisions in this case. However, the financial interest would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Sammartino directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Sammartino's disclosure of a conflict in this case. Should you wish to respond, please submit your response within thirty days of entry of this letter on the docket. Any response will be considered by another judge of this court without the participation of Judge Sammartino.

Sincerely,

John Morrill
Clerk of Court

From: ORHAN SENGUL
32854 LAMTARRA LOOP
MENIFEE, CA. 92584

RECEIVED
SEP 01 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

7021 1970 0000 3130 2912

To: UNITED STATES DISTRICT COURT
Southern District of California
Office of the Clerk of Court
333 West Broadway, Suite 420
San Diego, CA. 92101-3806

92101-380620






U.S. POST
FCM LETT
IRVINE, CA
92619
AUG 30, 21
AMOUNT
$4.3
R2304W121