UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORHAN SENGUL, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>QUALCOMM TECHNOLOGIES, INC.,<br>a California Corporation,<br><br>                                    Defendant. | Case No.:  19cv2034-GPC(MSB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO VACATE ORDER GRANTING JOINT MOTION TO DISMISS WITH PREJUDICE**<br><br>**[Dkt. No. 20.]** |

After the case had been dismissed pursuant to a joint motion to dismiss due to a settlement of the case on May 12, 2020, on August 6, 2021, the Clerk of Court invited the parties to respond to District Judge Janis L. Sammartino's recent disclosure of a conflict in the case where a family member owned stock in Qualcomm, Inc. when the case was pending.  (Dkt. No. 19.)  The August 6, 2021 letter informed the parties that while Judge Sammartino was presiding over the case, she was unaware she had financial conflict and that, if known, it would have required her recusal under the Code of Conduct for United States Judges.  (*Id.*)  Plaintiff filed a response essentially requesting to vacate the order on joint motion to dismiss and to proceed with a jury trial.  (Dkt. No. 20.)  He also claims that he was pressured to settle the case.  (*Id.*)  Defendant responded that the dismissal should not be set aside because Judge Sammartino made no substantive rulings in the

case, she states she was not aware of any financial interest her family member had in Qualcomm at the time the case was pending, and Plaintiff's claim he was pressured to settle the case is belied by the Court's record. (Dkt. No. 23.)

## Background

On October 19, 2019, Plaintiff Orhan Sengul, with counsel, filed a complaint against Defendant Qualcomm Technologies, Inc. for employment discrimination and retaliation. (Dkt. No. 1, Compl.) On March 31, 2020, Judge Sammartino granted an unopposed motion to withdraw as Plaintiff's counsel with a supporting declaration by Plaintiff. (Dkt. No. 13.) On April 17, 2020, the case settled before the Magistrate Judge and the terms were placed on the record. (Dkt. Nos. 15, 16.) After the settlement had been reached, Defendant prepared and sent the settlement agreement and release of all claims to Plaintiff which he signed on May 6, 2020. (Dkt. No. 23-1, Sullivan Decl. ¶ 4.) The settlement agreement stated,

> No Claim of Mistake. The parties declare and represent that they intend that this Agreement be complete and not subject to any claim of mistake, and that the releases herein express a full and complete release and, regardless of the adequacy or inadequacy of the consideration, each intends the releases herein to be final and complete. Each party executes this release with the full knowledge that this release covers all possible claims, to the fullest extent permitted by law.

(*Id.*) Pursuant to the settlement agreement, Plaintiff received a monetary settlement. (*Id.* ¶ 5.) On May 11, 2020, the parties filed a joint motion to dismiss the complaint with prejudice which Judge Sammartino granted on May 12, 2020. (Dkt. Nos. 17, 18.) The joint motion to dismiss indicated that the dismissal was based on the parties' settlement of the case. (Dkt. No. 17.)

## Discussion

Disqualification of a judge is governed by 28 U.S.C. § 455. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a

judge shall disqualify himself where he "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." *Id.* § 455(b)(4).

Plaintiff's request seeking to vacate the order on joint motion to dismiss based on a judge's disqualification falls under Federal Rules of Civil Procedure ("Rule") 60(b)(6). *See Liljeberg v. Health Servs., Acquisition Corp.*, 486 U.S. 847, 863 (1988) (§ 455 does not authorize the reopening of closed litigation but Rule 60(b)(6) provides the courts broad authority to relieve a party from final judgment). Rule 60(b)(6) provides that "the court may relieve a party from a final judgment, order or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This rule applies to "accomplish justice" but only under "extraordinary circumstances." *Liljeberg*, 486 U.S. at 864. For purposes of assessing whether a judgment should be vacated for violations of § 455, "it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id*.

Early on in this case, the parties settled before the Magistrate Judge and the case was subsequently jointly dismissed with prejudice based on the settlement. Judge Sammartino had no role in the settlement of the case and did not make any substantive rulings in the case. Therefore, because the settlement was procured before the Magistrate Judge who had no financial conflict in the case, there would no injustice to Plaintiff as he agreed to settle the case, provided Defendant with a full and complete release, and received a monetary settlement. *See e.g., Roe v. White*, No. C 03-04035 CRB 2008 WL 1808497, at *4 (N.D. Cal. Apr. 22, 2008) ("The only risk of injustice in this case arises from White's request that the Court vacate a final judgment that was affirmed by the Ninth Circuit following a binding settlement agreement knowingly entered into by White."). Plaintiff's additional claim that he was pressured to settle the case has no bearing on the issue before the Court concerning Judge Sammartino's financial conflict in

the case.  On the other hand, there would be injustice to Defendant if the Court were to vacate the order of dismissal by undoing a settlement to which the parties agreed and to which it paid out a monetary settlement.  Next, the Court sees no risk that the denial of relief will produce injustice in other cases and cannot fathom any risk of undermining the public's confidence in the judicial process where the Magistrate Judge who presided over the settlement had no conflict, and where Judge Sammartino had no role in the settlement and did not make any substantive rulings in the case.  Plaintiff has not demonstrated that the Court should vacate the order on joint motion to dismiss under Rule 12(b)(6).

Accordingly, the Court DENIES Plaintiff's request to vacate the order granting joint motion to dismiss.  The hearing set on October 15, 2021 shall be **vacated.**

IT IS SO ORDERED.

Dated:  October 14, 2021

Hon. Gonzalo P. Curiel
United States District Judge